UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENISE WATKINS.,

    Plaintiffs,                              Case No. 3:19-cv-177

vs.

COMPUNET CLINICAL                   District Judge Thomas M. Rose
LABORATORIES, LLC,                   Magistrate Judge Michael J. Newman

    Defendants.

_____

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO IDENTIFY EXPERT WITNESSES LIMITED TO THE ISSUE OF DAMAGES; (2) DIRECTING COUNSEL FOR THE PARTIES TO CONFER REGARDING DATES FOR SUCH EXPERT DISCLOSURES AND FOR A DISCOVERY DEADLINE WITH REGARD TO THIS ISSUE; (3) ORDERING THE PARTIES TO JOINTLY NOTIFY THE COURT OF PROPOSED DATES FOR THE SAME WITHIN 7 DAYS FROM THE ENTRY OF THIS ORDER; AND (4) KEEPING ALL OTHER DEADLINES THE SAME**

_____

        This civil case is before the Court on Defendant's motion for an extension of time to identify expert witnesses related solely to its defense that Plaintiff failed to mitigate her damages. Doc. 14. Plaintiff filed a memorandum in opposition to Defendant's motion. Doc. 18. Thereafter, Defendant filed a reply. Doc. 19. The undersigned has carefully considered all of the foregoing, and Defendant's motion is now ripe for decision.

        "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether excusable neglect exists, the Court must balance five factors, namely: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether

1

the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Initially, Plaintiff asserts that Defendant's motion is not supported by any evidence for the Court's consideration. Doc. 18 at PageID 106. Plaintiff also argues that good cause does not exist because Defendant has not timely and diligently sought the requested discovery in this case, and because an extension would cause unreasonable delay and significantly prejudice Plaintiff. *Id.*

Insofar as Plaintiff argues that the requested extension should be denied because Defendant's motion is unsupported by evidence, the Court finds that the documents provided with Defendant's reply satisfy its burden in this regard. Doc. 19.

Additionally, the undersigned does not agree with Plaintiff's contention that Defendant has not timely and diligently sought the requested discovery in this case and, instead, concludes that the supporting documents before the Court (*i.e.*, Plaintiff's interrogatory responses and deposition testimony) demonstrate sufficient diligence and timeliness.

Finally, because Defendant's expert witness deadline expired on February 21, 2020 (doc. 6), the undersigned, in weighing the required factors, concludes that the danger of prejudice to Plaintiff resulting from granting the requested extension is minimal and there will be no further delay in bringing this case to a resolution because all other deadlines, except for discovery on the issues of damages, shall remain the same. *See infra*. Further, there is no evidence or suggestion of bad faith on the part of Defendant in seeking the requested extension.

Accordingly, the undersigned finds good cause and excusable neglect sufficient to **GRANT** Defendant's motion for an extension of time to identify expert witnesses regarding damages. Doc. 14. The parties are **ORDERED** to confer regarding proposed dates for (1) the

disclosure of expert witnesses and (2) an amended discovery deadline on this limited issue, and shall jointly provide the Court such dates via email to Chambers (newman_chambers@ohsd.ucourts.gov) within seven (7) days from the date of this Order. All other deadlines in this case shall remain the same and are unchanged.

 **IT IS SO ORDERED.**


Date: <u>September 30, 2020</u>       <u>s/Michael J. Newman</u>
                  Michael J. Newman
                  United States Magistrate Judge